| | |
|---|---|
| ROLAND WHITFORD, | ) |
|     Petitioner, | ) ) ) |
| v. | ) ) No. 3:25-cv-00008 |
| CHELSEY MCDANIEL, *et al.*, | ) ) Judge Trauger |
|     Respondents. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Roland Whitford filed a pro se petition for writ of habeas corpus challenging his custody pursuant to Tennessee convictions for rape and sexual battery. (Doc. No. 1). Respondent filed a motion to dismiss (Doc. No. 13), and Whitford filed a response (Doc. No. 14). As explained below, the motion to dismiss will be granted and this action will be dismissed.

### I. Background

In September 2009, Whitford pled guilty to one count of sexual battery and one count of rape in the Davidson County Criminal Court. (Doc. No. 12-1). The trial court sentenced him to consecutive prison terms of two years for the sexual battery conviction and ten years for the rape conviction. *State v. Whitford*, No. M2009-02525-CCA-R3-CD, 2011 WL 255310, at *1 (Tenn. Crim. App. Jan. 20, 2011); (Doc. No. 12-2). Whitford appealed, and the Tennessee Court of Criminal Appeals affirmed. *Id.* at *11. The Tennessee Supreme Court denied permission to appeal on May 25, 2011. (Doc. No. 12-3).

1

On May 15, 2012, Whitford filed a pro se state post-conviction petition.[1] (Doc. No. 12-4). The state trial court denied relief (Doc. No. 12-6), and the Tennessee Court of Criminal Appeals affirmed, *Whitford v. State*, No. M2013-01402-CCA-R3-PC, 2014 WL 1285397 (Tenn. Crim. App. Mar. 31, 2014); (Doc. No. 12-7). The Tennessee Supreme Court denied permission to appeal on June 25, 2014. (Doc. No. 12-8).

Whitford filed the current 28 U.S.C. § 2254 petition in this court on January 2, 2025. (Doc. Nos. 1 and 1-1). In the petition, he alleges that his trial counsel was ineffective, his guilty plea was involuntary, he is actually innocent of the crimes for which he was convicted, and the combination of errors deprived him of due process. (Doc. No. 1-1 at 5).

## II. Applicable Law

Because Whitford is in custody pursuant to the judgment of a state court,[2] his petition for writ of habeas corpus is subject to the statute of limitations set forth in 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The court assumes without deciding that Tennessee's prison mailbox rule applied to Whitford's state post-conviction petition, even though the petition would have been timely without application of the rule. *See Blacksmith v. Mays*, No. 3:20-cv-00036, 2023 WL 2027803, at *2 n.2 (M.D. Tenn. Feb. 15, 2023).

[2] Whitford is no longer imprisoned, but his sentence includes "community supervision for life." (Doc. No. 10-1 at 1). He is therefore "in custody" for purposes of 28 U.S.C. § 2254(a). *See Nichols v. Lee*, No. 3:22-cv-01004, 2023 WL 6129504, at *2−3 (M.D. Tenn. Sept. 19, 2023)

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A petitioner may be entitled to equitable tolling "if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Alternatively, a petitioner may proceed on an untimely petition based on a sufficient showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 391−97 (2013).

### III. Analysis

#### A. Section 2244(d)(1)(A)

Respondent asserts, and Whitford does not dispute, that his petition is untimely under 28 U.S.C. § 2244(d). (*See* Doc. No. 14 at 1) ("Petitioner does not dispute that, on its face, the filing came after the one-year period."). Whitford's conviction became final on August 23, 2011, when the time for filing a timely petition for writ of certiorari in the Supreme Court on direct appeal expired. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); S. Ct. R. 13; (Doc. No. 12-3). The limitation period ran 271 days from this date, until May 21, 2012, when Whitford filed his state post-conviction petition and tolled the limitation period. *See* 28 U.S.C. § 2244(d)(2). This tolling ended on June 25, 2014, when the Tennessee Supreme Court denied permission to appeal on post-conviction review. (Doc. No. 12-8). Whitford then had 94 days, or until September 29, 2014, to file a timely Section 2254 petition.[3] He filed his petition on

---

[3] The deadline would have been September 27, 2014, but that was a Saturday. *See* Fed. R. Civ. P. 6(a)(1)(C).

3

January 2, 2025, more than 10 years beyond the deadline. (Doc. No. 1-1 at 25). The petition is therefore untimely under Section 2244(d)(1)(A).

B.     **Section 2244(d)(1)(A)**

In his response to the motion to dismiss, Whitford suggests that his limitation period should be calculated using Section 2244(d)(1)(D) because the factual bases of his claims could not have been discovered until post-conviction proceedings. (Doc. No. 14 at 4−5). Assuming arguendo that Section 2244(d)(1)(D) applies, the limitation period began running when Whitford's post-conviction appeals concluded on June 25, 2014. (Doc. No. 12-8). Under this assumption, he had until June 25, 2015, to file a timely Section 2254 petition. The petition he filed on January 2, 2025, was untimely by more than nine years.

C.     **Equitable Tolling**

Whitford argues that he is entitled to equitable tolling based on a combination of "(1) ineffective assistance and abandonment by post-conviction counsel, (2) delayed access to key evidence due to prosecutorial suppression, (3) severe mental and emotional hardship, and (4) institutional and systemic obstacles during incarceration." (Doc. No. 14 at 2).

Several of these factors, either alone or in combination, may warrant equitable tolling in the right circumstances. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (egregious misconduct or abandonment by counsel); *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (evidence withheld or suppressed by prosecution); *Ata v. Scutt*, 662 F.3d 736, 742−45 (6th Cir. 2011) (mental incompetence). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). In deciding whether to hold an evidentiary hearing to resolve a request for equitable tolling, the district court must "determine if the factual allegations are sufficient to support equitable tolling and [] review the state court

record in order to establish whether petitioner's assertions are refuted by the record or otherwise without merit." *Ata*, 662 F.3d 736, 742 (6th Cir. 2011). The court may dismiss an untimely petition without an evidentiary hearing or review of the state-court record if the petitioner's allegations supporting equitable tolling are "general and conclusory." *West v. Jackson*, No. 18-4166, 2019 WL 2298735, at *3 (6th Cir. Mar. 19, 2019).

Here, Whitford asserts that post-conviction counsel "failed to provide updates or act diligently on his case" and "fail[ed] to investigate and present exculpatory evidence, as well as provide proper advisement on sentencing and post-conviction remedies." (Doc. No. 1-1 at 21). As to suppression of evidence, Whitford asserts that "[k]ey evidence regarding victim testimony discrepancies and the absence of physical evidence was suppressed by prosecutors, leaving Whitford with incomplete knowledge of his claims until post-conviction proceedings exposed these facts." (Doc. No. 1-1 at 21). As to his mental health, Whitford asserts that he "endured documented mental health struggles, including depression and anxiety, throughout the post-conviction period. These struggles, exacerbated by the trauma of being convicted for a crime he maintains he did not commit, at times impaired his capacity to function effectively on legal matters." (Doc. No. 14 at 6). Finally, regarding systemic obstacles, Whitford asserts that he faced "restricted access to legal materials, limited library hours, frequent lockdowns, transfers, and poor prison conditions." (Doc. No. 14 at 7) (emphases omitted).

As to diligence, Whitford asserts the following:

> [S]hortly after the conclusion of state proceedings in 2014, Petitioner repeatedly asked his lawyer about federal habeas. . . . Petitioner's attorney, however, never responded with the needed guidance or filed anything on Petitioner's behalf. Left in the dark, Petitioner then turned to the prison law library. His access was sporadic . . ., but whenever he could, he researched and tried to learn the process. Petitioner faced limitations in understanding the complex procedural rules (such as the statute of limitations) but never gave up on his case. When he learned of the possibility of obtaining certain exculpatory records (years later), he promptly acted to request

5

> them. When those records or facts came to light, he incorporated them into a comprehensive habeas petition, which he prepared and filed as soon as he was reasonably able to gather all necessary pieces.

(Doc. No. 14 at 10).

Whitford has not made sufficient factual allegations for the court to order an evidentiary hearing on equitable tolling. Notably, his burden to demonstrate equitable tolling is a heavy one. Even assuming the limitation period began running when Whitford discovered the factual bases of his claims, *see* 28 U.S.C. § 2244(d)(1)(D), he must show that equitable tolling is warranted for all but one year from the time between June 25, 2014, when his post-conviction appeals concluded, until January 2, 2025, when he filed his post-conviction petition. *See Kendrick v. Rapelje*, 504 Fed. Appx. 485, 487 (6th Cir. 2012) ("The statute of limitations should be equitably tolled until the earliest date on which the petitioner, acting with reasonable diligence, should have filed his petition.").

Whitford does not come close to meeting this burden. First, he does not allege any specific dates relevant to the equitable tolling timeline: not the date he last contacted post-conviction counsel, not the date he discovered evidence allegedly suppressed by the prosecution, and not even the date he was released from prison.[4] Nor does he allege any *concrete* steps he took to diligently pursue his rights beyond writing letters to post-conviction counsel shortly after the conclusion of state post-conviction proceedings. (*See* Doc. No. 14 at 10). The court need not accept as true legally or significant Whitford's conclusory assertions that he "never gave up on his case." (*Id.*). He must allege *facts* from which the court may infer that he diligently pursued his rights from June 2014

---

[4] Whitford's judgments indicate that he was sentenced on September 11, 2009, to consecutive prison terms of two years for sexual battery and ten years for rape, with more than two years of pretrial jail credits. (Doc. No. 10-1). Even if Whitford served 100% of both sentences, he would have been released from prison sometime in 2019, more than five years before he filed his Section 2254 petition.

6

through January 2025. Because he has not done so, the court will not order an evidentiary hearing on equitable tolling.

  D.  **Actual Innocence**

A petitioner may proceed on an untimely Section 2254 petition by making a showing of "actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To make the required showing, Whitford must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The evidence must be sufficiently compelling that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

Whitford bases his actual-innocence argument on alleged "[d]iscrepancies in victim testimony, corroborated by affidavits, that cast doubt on the credibility of the allegations" and "[e]vidence suppressed by the prosecution, such as the absence of forensic evidence linking the petitioner to the alleged crimes." (Doc. No. 1-1 at 12). However, Whitford has not "presented *any* evidence—let alone new, reliable evidence—to support his claim." *Wells v. Harry*, No. 17-1476, 2017 WL 9248730, at *2 (6th Cir. Nov. 15, 2017) (emphasis in original). By his own account, Whitford has merely "indicated the types of evidence that exist." (Doc. No. 14 at 15). That is not enough to warrant an evidentiary hearing on actual innocence. *See Wells*, 2017 WL 9248730, at *2–3 (denying certificate of appealability after district court dismissed Section 2254 petition as untimely, despite petitioner's assertion that exculpatory evidence existed, where petitioner had not actually presented any such evidence).

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas corpus petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Here, jurists of reason would not disagree that Whitford's Section 2254 is untimely. Accordingly, a certificate of appealability will be denied. Whitford may seek a certificate of appealability in the Sixth Circuit.

## V. Conclusion

Respondent's Motion to Dismiss (Doc. No. 11) is **GRANTED**. Whitford's petition for writ of habeas corpus is **DISMISSED** as untimely. A certificate of appealability is **DENIED**.

Whitford's motion to supplement the record (Doc. No. 15) is **GRANTED**. The court considered the attached declaration in resolving the motion to dismiss. Whitford's motion to ascertain status (Doc. No. 17) is **DENIED** as moot.

8

Case 3:25-cv-00008   Document 18   Filed 03/04/26   Page 8 of 9 PageID #: 182

This is the final order in this case, and because it denies all relief, the Clerk **SHALL** enter judgment. *See* Fed R. Civ. P. 58(b)(1)(C).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge